IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THESOLONIA BAKER, | ) | No. C 11-3493 LHK (PR) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING |
| | ) | DEFENDANTS' MOTION TO |
| v. | ) | DISMISS; GRANTING |
| | ) | PLAINTIFF'S MOTION FOR |
| G.D. LEWIS, et al., | ) | LEAVE TO FILE AMENDED |
| | ) | COMPLAINT; ORDER OF |
| Defendants. | ) | DISMISSAL WITH LEAVE TO |
| | ) | AMEND |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement at Pelican Bay State Prison ("PBSP"). Defendants have filed a motion to dismiss for failure to state a claim. Plaintiff has filed an opposition, and Defendants have filed a reply. Subsequent to the submission of Defendants' motion to dismiss, Plaintiff filed an amended complaint, which the Court construes as a motion for leave to file an amended complaint, and a proposed amended complaint. Defendants have not filed an opposition. For the reasons stated below, the Court GRANTS Plaintiff's motion for leave to file an amended complaint, DENIES Defendants' motion to dismiss, and DISMISSES the amended complaint with leave to amend.

**DISCUSSION**

I.   Amendment

A plaintiff may amend the complaint once as a matter of course within 21 days after

serving it. Fed. R. Civ. P. 15(a)(1)(A). But, if the complaint requires a responsive pleading, a plaintiff may amend the complaint 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. *Id.* at 15(a)(1)(B). In all other cases, a plaintiff must obtain the defendant's consent or leave of court to amend a complaint. *Id.* at 15(a)(2).

Defendants filed their motion to dismiss under Rule 12(b) on December 19, 2011. (Docket No. 20.) Plaintiff's motion for leave to file an amended complaint was filed on February 22, 2012 – more than 21 days after service of that motion. Defendants have not consented nor opposed Plaintiff's motion. Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). There is no indication that Plaintiff's motion is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *See id.* Nor is there any suggestion that allowing Plaintiff to file his proposed amended complaint would cause Defendants any undue prejudice. *See id.*

Accordingly, Plaintiff's motion for leave to file an amended complaint is GRANTED. The Clerk shall file Plaintiff's amended complaint. Because Plaintiff's amended complaint is the operative complaint, Defendants' motion to dismiss is DENIED as moot.

II. <u>Initial Screening</u>

    A. <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacific Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Plaintiff's Claims

Plaintiff is an inmate at PBSP. He was validated as a member of the Black Guerrilla Family prison gang on October 2, 2007, and, as a result, is indefinitely housed in the Secured Housing Unit ("SHU"). (Compl. at 33.) First, Plaintiff claims that Defendants violated his right to due process at his July 28, 2010 periodic review hearing by: (1) failing to provide him a copy of his CDC-114D retention order prior to his re-validation hearing, and (2) failing to provide him an investigative employee to assist him in gathering supporting evidence. (Am. Compl. at 24.)

Due process requires that prison officials engage in some sort of periodic review of the inmate's confinement following his placement in administrative segregation. *See Hewitt v. Helms*, 459 U.S. 460, 477 n.9 (1983); *Toussaint v. McCarthy*, 801 F.2d 1080, 1101 (9th Cir. 1986). Those periodic reviews must be more than "meaningless gestures" to satisfy due process. *Toussaint v. Rowland*, 711 F. Supp. 536, 540 n.11 (N.D. Cal. 1989) (citing *Toussaint v. McCarthy*, 801 F.2d at 1102). The "meaningless gesture" phrase was drawn from this statement from the Ninth Circuit: "Since administrative segregation must not be a pretext for punitive isolation, *Hewitt*, 459 U.S. at 477 n.9, the substantive criteria assure that plaintiffs' due process rights are not meaningless gestures." *Toussaint v. McCarthy*, 801 F.2d at 1102. *Hewitt* makes clear that the constitutionally required periodic review is modest in scope:

> This review will not necessarily require that prison officials permit the submission of any additional evidence or statements. The decision whether a prisoner remains a security risk will be based on facts relating to a particular prisoner – which will have been ascertained when determining to confine the inmate to administrative segregation – and on the officials' general knowledge of prison conditions and tensions, which are singularly unsuited for "proof" in any highly structured manner. Likewise, the decision to continue confinement of an inmate pending investigation of misconduct charges depends upon circumstances that prison officials will be well aware of-most typically, the progress of the investigation. In both situations, the ongoing task of operating the institution will require the prison officials to consider a wide range of administrative considerations.

*Hewitt*, 459 U.S. at 477 n.9; *cf. Wilkinson v. Austin*, 545 U.S. 209, 217, 224 (2005) (upholding

1  ad-seg placement policy that called for 30-day review of file and annual reviews at which inmate
2  was allowed to appear and present his views).
3      Despite Plaintiff's conclusory allegation that his periodic review was a meaningless
4  gesture (Am. Compl. at 26), his factual allegations show that the challenged periodic review
5  provided at least the procedural protections to which he was entitled: a periodic review at which
6  the reason for placement was considered, and at which he was allowed to present his views.
7  Indeed, Plaintiff was afforded *Toussaint/Hewitt*'s more stringent procedural protections, used for
8  prisoners at their initial segregation hearing. Here, although Plaintiff claims he did not receive
9  written notice in the form of the CDC-114D, Plaintiff does not claim that he was not aware of the
10 reasons for the hearing. *See Hewitt*, 459 U.S. at 476 (recognizing that the prisoner must receive
11 "some notice" of the charges against him); *Toussaint*, 801 F.3d at 1100-01 ("We specifically find
12 that the due process clause does not require detailed written notice of charges, representation by
13 counsel or counsel-substitute, an opportunity to present witnesses, or a written decision
14 describing the reasons for placing the prisoner in administrative segregation."). Moreover,
15 Plaintiff does not claim that he was not given an opportunity to be heard; rather, he argues that
16 he was entitled to assistance in gathering evidence. However, due process does not mandate that
17 Plaintiff receive an investigative employee to assist in his hearing.[1] *See Hewitt*, 459 U.S. at 476;
18 *Toussaint*, 801 F.3d at 1100-01.
19     Accordingly, Plaintiff's due process claims will be DISMISSED for failure to state a
20 claim.
21     The remaining claims in Plaintiff's amended complaint are improperly joined. "A party
22 asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or
23 alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a).
24 The rules are somewhat different when, as here, there are multiple parties. Multiple parties may

---

[1] Much of Plaintiff's argument concerns requirements set forth by the California Code of Regulations. However, Plaintiff was informed by the Institutional Classification Committee that, pursuant to Title 15, California Code of Regulations § 3341.5(c), he was not entitled to an investigative employee. (Compl. at 38.)

Order Denying Defendants' Motion to Dismiss; Granting Plaintiff's Motion to Amend Complaint; Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.LHK\CR.11\Baker493mtddwla.wpd     4

be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Id.*

Plaintiff alleges that during Ramadan, the month when Muslims refrained from eating and drinking during daylight hours, he was normally given an early morning breakfast before the sun rose in order to sustain him throughout the day. Plaintiff alleges that from August 22, 2010 through August 28, 2010, he was given a rotten, hard-boiled egg each morning in his breakfast sack meal. (Am. Compl. at 8.) Plaintiff submitted two inmate appeals, complaining that rotten eggs were being placed in his breakfast sack meal. (*Id.* at 9.) Plaintiff alleges that the eggs caused him to get very ill for another two or three days, and Defendants Gomez, Sojka, Bradbury, Lewis, and Threm refused to substitute them for another item. (*Id.* at 9-10.) He asserts that they exhibited deliberate indifference against him, and also violated the Free Exercise Clause by hindering the practice of his religion.

Plaintiff's final claim is that Defendants retaliated against him for filing grievances and complaints, and denied him access to the courts. Plaintiff discusses several instances of retaliation and denial of access to the courts: (1) Defendant W. Reynolds confiscated and destroyed two declarations from Plaintiff's possessions that he needed in an unrelated action (*id.* at 13); (2) on August 9, 2010, Defendants McCumsey and Lyon refused to allow him to obtain photocopies of an opposition pleading in an unrelated action (*id.* at 14); (3) Defendants R. Reich and J. Shaw removed one set of exhibits from another pleading that Plaintiff was attempting to submit (*id.* at 15); and (4) on September 10, 2010, Defendant J. Frisk confiscated a book from Plaintiff under the false pretense that it was banned (*id.* at 22).

At first blush, Plaintiff's deliberate indifference claim and Free Exercise claim could

remain joined because there are questions of law and fact common to all Defendants named in that claim. However, Plaintiff's claims of retaliation and denial of access to the court do not arise out of the same transaction, occurrence or series of occurrences, and do not involve a common question of law or fact. The retaliation claims, in particular, appear to be a recitation of several different wrongs Plaintiff experienced with regard to his attempts to litigate. "A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *Id.* Accordingly, the Court finds these claims and Defendants improperly joined.

Although a Court may strike individual claims that are not properly joined, the Court cannot here determine which of the claims Plaintiff may wish to keep and which he wants to omit. *See* Fed. R. Civ. P. 21. Thus, instead of dismissing specific claims and Defendants, the Court now dismisses the amended complaint with leave to file a second amended complaint. The second amended complaint must comply with Federal Rules of Civil Procedure 18 and 20 concerning joinder of claims and Defendants. If it does not, then this entire action will be dismissed without prejudice.

Plaintiff should also bear in mind that the second amended complaint must allege facts that show federal constitutional violations. It should describe what happened, when it happened, and how it violated his constitutional rights. For example, if Plaintiff intends to allege that a deprivation of a basic necessity was sufficiently serious to satisfy the objective component of an Eighth Amendment claim, Plaintiff must allege (1) what the deprivation is, recognizing that it must be objectively and sufficiently serious to rise to the level of a constitutional violation, and (2) that the prison official possessed a sufficiently culpable state of mind. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Moreover, although the complaint names several Defendants, Plaintiff must link each Defendant to each claim by providing facts showing the basis for liability for each individual Defendant. For example, Plaintiff should allege which Defendants were responsible for

violating which constitutional right, and how they were responsible for doing so. He should not refer to them as a group (e.g., "the Defendants"); rather, he should identify each involved person by name, and link each of them to the claim(s) by explaining what each Defendant did or failed to do that caused a violation of his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that a defendant proximately caused deprivation of federally protected right).

Finally, Plaintiff is advised that absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (finding under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and Rule 8 of the Federal Rules of Civil Procedure, that complainant-detainee failed to plead sufficient facts "plausibly showing" that top federal officials "purposely adopted a policy of classifying post-September-11 detainees as 'of high interest' because of their race, religion, or national origin" over more likely and non-discriminatory explanations). A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. Plaintiff's due process claims are DISMISSED. Plaintiff's amended complaint is DISMISSED with leave to amend.

2. Plaintiff shall file a SECOND AMENDED COMPLAINT within **thirty days** from the date this order is filed to cure the deficiencies described above. The amended complaint must include the caption and civil case number used in this order (C 11-3493 LHK (PR)) and the words SECOND AMENDED COMPLAINT on the first page. Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file a second amended complaint within thirty days and in accordance with this order will result in dismissal of this action.**

3.      Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

4.      It is the Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  5/25/12

LUCY H. KOH
United States District Judge

Order Denying Defendants' Motion to Dismiss; Granting Plaintiff's Motion to Amend Complaint; Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.LHK\CR.11\Baker493mtddwla.wpd          8