IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THESOLONIA BAKER,<br><br>    Plaintiff,<br><br>  v.<br><br>CORRECTIONAL OFFICER DUTRO, et al.,<br><br>    Defendants. | No. C 11-3493 LHK (PR)<br><br>ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION<br><br>(Docket No. 39) |

Plaintiff, a state prisoner proceeding *pro se*, filed a second amended civil rights complaint pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement at Pelican Bay State Prison ("PBSP"). For the reasons stated below, the Court orders the second amended complaint served upon named Defendants.

**DISCUSSION**

A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

1  *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

2      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
3  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
4  the alleged violation was committed by a person acting under the color of state law. *See West v.*
5  *Atkins*, 487 U.S. 42, 48 (1988).

6  B.    Plaintiff's Claims

7      Plaintiff claims that during the month of Ramadan, and specifically from August 22,
8  2010, through August 30, 2010, Plaintiff was given rotten or spoiled eggs, which caused him to
9  be sick. He further alleges that Defendants refused to help Plaintiff receive a replacement meal
10 or remedy the problem. Liberally construed, Plaintiff's assertions are sufficient to state
11 cognizable federal civil rights claims of violations of the Free Exercise Clause and the Eighth
12 Amendment.

13                                   **CONCLUSION**

14     For the foregoing reasons, the court hereby orders as follows:

15     1.    The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of
16 Service of Summons, two copies of the Waiver of Service of Summons, a copy of the second
17 amended complaint and all attachments thereto (docket no. 37), and a copy of this Order to
18 **Correctional Officer Dutro, Correctional Officer Estes, Correctional Officer Hutchison,**
19 **Correctional Officer Drager, Correctional Officer Commons, Correctional Officer D.**
20 **Hamilton,** and **Food Manager Lucy Sojka** at **Pelican Bay State Prison.** The Clerk of the
21 Court shall DISMISS G.D. Lewis, C. Patten, W. Reynolds, R. Cox, N. Threm, P. Wenning, D.W.
22 Bradbury, and Orager.

23     The Clerk of the Court shall also mail a courtesy copy of the second amended complaint
24 and a copy of this Order to the California Attorney General's Office. Additionally, the Clerk
25 shall mail a copy of this Order to Plaintiff.

26     2.    Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure
27 requires them to cooperate in saving unnecessary costs of service of the summons and complaint.
28 Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on

1  behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear
2  the cost of such service unless good cause be shown for their failure to sign and return the waiver
3  form. If service is waived, this action will proceed as if Defendants had been served on the date
4  that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required
5  to serve and file an answer before **sixty (60) days** from the date on which the request for waiver
6  was sent. (This allows a longer time to respond than would be required if formal service of
7  summons is necessary.) Defendants are asked to read the statement set forth at the bottom of the
8  waiver form that more completely describes the duties of the parties with regard to waiver of
9  service of the summons. If service is waived after the date provided in the Notice but before
10 Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date
11 on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is
12 filed, whichever is later.

13     3. No later than **ninety (90) days** from the date of this order, Defendants shall file a
14 motion for summary judgment or other dispositive motion with respect to the cognizable claim
15 in the complaint.

16         a. If Defendants elect to file a motion to dismiss on the grounds that Plaintiff
17 failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
18 Defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315
19 F.3d 1108, 1119-20 (9th Cir. 2003).

20         b. Any motion for summary judgment shall be supported by adequate factual
21 documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
22 Procedure. **Defendants are advised that summary judgment cannot be granted, nor**
23 **qualified immunity found, if material facts are in dispute. If Defendants are of the opinion**
24 **that this case cannot be resolved by summary judgment, they shall so inform the Court**
25 **prior to the date the summary judgment motion is due.**

26     4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and
27 served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is
28 filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

    5.    Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

    6.    The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

    7.    All communications by the Plaintiff with the Court must be served on Defendants or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants' counsel.

    8.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

    9.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

This order terminates docket number 39 as unnecessary.

IT IS SO ORDERED.

DATED: 10/9/12

*/s/ Lucy H. Koh*
LUCY H. KOH
United States District Judge