FILED

JUN 10 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THESOLONIA BAKER,<br><br>  Plaintiff,<br><br> v.<br><br>SUPERVISOR GOMEZ, et al.,<br><br>  Defendants. | No. C 11-3493 LHK (PR)<br><br>ORDER GRANTING MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS; GRANTING MOTION TO DISMISS |

  Plaintiff, a state prisoner proceeding *pro se*, filed a second amended civil rights complaint pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff's motion to proceed in forma pauperis ("IFP"), and served the second amended complaint on Defendants. Defendants have filed a motion to revoke Plaintiff's IFP status and dismiss the action. Plaintiff has filed an opposition, and Defendants have filed a reply. Defendants' request for judicial notice is GRANTED. For the reasons stated below, the Court GRANTS Defendants' motion to revoke Plaintiff's IFP status and DISMISS this action.

### DISCUSSION

A. <u>Motion To Revoke IFP Status</u>

  The Prison Litigation Reform Act of 1995 ("PLRA"), enacted April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if

1  the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,
2  brought an action or appeal in a court of the United States that was dismissed on the grounds that
3  it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the
4  prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The phrase
5  "fails to state a claim on which relief may be granted," as used in § 1915(g), "parallels the
6  language of Federal Rule of Civil Procedure 12(b)(6)." *Andrews v. King*, 398 F.3d 1113, 1121
7  (9th Cir. 2005). A case is "frivolous" within the meaning of § 1915(g) if "it is of little weight or
8  importance: having no basis in law or fact." *Id.* (internal quotation and citation omitted).
9  Further, because § 1915(g) is a procedural rule that does not raise retroactivity concerns, cases
10 dismissed before the effective date of § 1915(g) may be counted as qualifying dismissals or
11 "strikes." *See Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).
12 B.   Plaintiff's Prior "Strikes"
13      Defendants allege that while incarcerated, Plaintiff has filed at least three actions that
14 were dismissed on the basis that they were frivolous, malicious, or failed to state a claim.
15 Defendants identify the following cases: (1) *Baker v. Lopez, et al.*, No. C 91-cv-01357-VRW
16 (N.D. Cal. filed May 7, 1991) (dismissing the action for failure to state a claim) (Req. Judicial
17 Not., Ex. A); (2) *Baker v. Marshall, et al.*, No. 90-cv-03636-VRW (N.D. Cal. filed Dec. 21,
18 1990) (dismissing the action for failure to state a claim) (Req. Judicial Not., Ex. B); (3) *Baker v.
19 Patten, et al.*, No. 94-cv-01876-VRW (N.D. Cal. filed May 13, 1994) (dismissing action for
20 being duplicative and failing to state a claim) (Req. Judicial Not., Ex. C); and *Baker v. Walker, et
21 al.*, No. 11-16199 (9th Cir. Feb. 15, 2012) (granting appellee's motion to revoke IFP under
22 Section 1915(g)) (Req. Judicial Not., Ex. D).
23      In opposition, Plaintiff concedes that he has suffered three strikes. (Opp. at 6.) However,
24 he asserts that he is under imminent danger of serious physical injury. Specifically, Plaintiff
25 asserts that, in his complaint, filed on July 15, 2011, he complained of receiving rotten and
26 spoiled eggs during Ramadan from August 22, 2010, through August 30, 2010, and suffering
27 vomiting, headaches, stomach pains, and other ailments. (Opp. at 2, 4.) Plaintiff asserts that he
28 is still experiencing headaches, vomiting, and sleepiness. (*Id.* at 5.)

1       Plaintiff has the burden of proving that he satisfies this exception to Section 1915(g) by
2  demonstrating that he is in imminent danger of serious physical injury. The plain language of
3  the imminent danger clause in § 1915(g) indicates that "imminent danger" is to be assessed at the
4  time of the filing of the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir.
5  2007) ("*Andrews II*"). The conditions that existed at some earlier or later time are not relevant.
6  *See id.* and n.5 (post-filing transfer of prisoner out of the prison at which danger allegedly
7  existed may have made moot his request for injunctive relief against the alleged danger, but it
8  does not affect the § 1915(g) analysis). The Court "should not make an overly detailed inquiry
9  into whether the allegations qualify for the exception." *Id.* at 1055. It is sufficient if the
10 complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious
11 physical injury' at the time of filing." *Id.*; *see, e.g., id.* at 1055 (allegation that plaintiff was at
12 risk of contracting HIV or hepatitis C was sufficient to bring his complaint within the imminent
13 danger exception); *cf. Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (no ongoing
14 danger where plaintiff had been placed in administrative segregation following physical assaults
15 by fellow inmates and before he filed his complaint). In this circuit, "requiring a prisoner to
16 allege[] an ongoing danger – the standard adopted by the Eighth Circuit – is the most sensible
17 way to interpret the imminency requirement." *Andrews II*, 493 F.3d at 1056 (internal quotation
18 marks omitted).
19       Here, Plaintiff was allegedly served rotten and spoiled eggs for a period of eight days in
20 2010, which resulted in Plaintiff's getting sick. Almost a full year later, Plaintiff filed his federal
21 complaint. At the time of filing, there was no indication that Plaintiff remained in "imminent
22 danger" of being served spoiled and rotten eggs. When Plaintiff initiated this action, he did not
23 intimate there was any ongoing danger of recurrence or threat of recurrence. Accordingly,
24 Plaintiff has not shown that he is entitled to the exception under Section 1915(g) to avoid
25 dismissal without prejudice by Defendants' motion.

## CONCLUSION

27       Accordingly, Defendants' motion to revoke Plaintiff's IFP status is GRANTED.
28 Plaintiff's IFP status is REVOKED. Defendants' motion to dismiss is GRANTED. This action

1 is DISMISSED without prejudice to re-filing if Plaintiff pays the filing fee.

2     The Clerk shall terminate all pending motions and close the file.

3     IT IS SO ORDERED.

4 DATED: 6/10/13

                                                      LUCY H. KOH  
                                                      United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

THESOLONIA BAKER,

        Plaintiff,

v.

G.D LEWIS et al,

        Defendant.
_____/

Case Number: CV11-03493 LHK

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 10, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Thesolonia Baker C 72380
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532-7500

Dated: June 10, 2013

                Richard W. Wieking, Clerk

                By: Elizabeth Garcia, Deputy Clerk